Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1031 | **DATE** | 2/24/2011 |
| **CASE TITLE** | Sierra Wireless, Inc., et al. Vs. MSTG, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiffs have not shown an immediate and concrete controversy that would provide a basis to bring the instant action for declaratory relief. Therefore, the instant action is dismissed. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

**STATEMENT**

    This matter is before the court on Plaintiffs' complaint for declaratory relief. Plaintiffs allege that Plaintiff Sierra Wireless, Inc. and Plaintiff Sierra Wireless America, Inc. (collectively referred to as "Sierra") supply products to AT&T Mobility LLC (AT&T) and Sprint Spectrum L.P. (Sprint). Plaintiffs also allege that Plaintiff Novatel Wireless, Inc. and Plaintiff Novatel Wireless Solutions, Inc. (collectively referred to as "Novatel) provide products to Sprint.

    Plaintiffs indicate that in case number 08 C 7411, MSTG, Inc. (MSTG) brought an action against several mobile wireless companies, including AT&T for patent infringement. Plaintiffs also indicate that in case number 09 C 3684, MSTG filed an action against several mobile wireless companies, including Sprint, for patent infringement. According to Plaintiffs, in case number 08 C 7411, MSTG indicated during discovery in its responses to interrogatories that certain products that are provided to AT&T by Sierra infringe upon MSTG's patents. Plaintiffs also contend that, in case number 09 C 3684, MSTG indicated in its Final Infringement Contentions that certain products that are provided to Sprint by Novatel infringe upon MSTG's patents.

    Sierra and Novatel have brought the instant action against MSTG solely seeking declaratory relief.

**STATEMENT**

Sierra and Novatel request an order declaring that the products supplied by Sierra and Novatel to their customers do not infringe the patents at issue in case numbers 08 C 7411 and 09 C 3684.

Pursuant to the *Wilton/Brillhart* abstention doctrine, district courts "'possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims.'" *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010)(quoting *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)). The Seventh Circuit has stated that "[t]here is no doubt that a court may dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory relief is sought." *R.R. Street & Co., Inc.*, 569 F.3d at 715. In addition, the United States Supreme Court has stated that in order for a case or controversy to exist in a declaratory relief action, the facts alleged must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)(quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941))(stating in addition that the dispute must be "'definite and concrete'")(quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 237 (1937)).

In the instant action, Plaintiffs contend that they have been named as potential additional infringing parties during discovery in case number 08 C 7411 and in Final Infringement Contentions in case number 09 C 3684. Plaintiffs indicate that the other patent infringement cases are ongoing and that issues concerning infringement of MSTG's patents are currently being addressed in the other patent infringement actions. It would not promote judicial efficiency for this court to address patent infringement issues that overlap with issues that are potentially being addressed in case numbers 08 C 7411 and 09 C 3684. In addition, issuing a declaratory judgment on the issues being addressed in those cases would present the possibility of conflicting decisions. Thus, a dismissal is appropriate in this action. In addition, Plaintiffs allege only that they were referenced in other actions in discovery responses and in Final Infringement Contentions. There is no allegation in the instant action that MSTG has taken steps to name Plaintiffs as defendants in the other patent infringement cases or that MSTG has threatened to immediately bring an action against Plaintiffs. The fact that MSTG has not sought to include Plaintiffs as defendants in case numbers 08 C 7411 and 09 C 3684, even

| STATEMENT |
|---|
| though MSTG appears to be aware of facts connecting Plaintiffs to potential infringing activities, is an indication that there is no immediate and concrete dispute to be resolved in the instant action. Thus, Plaintiffs have not shown an immediate and concrete controversy that would provide a basis to bring the instant action for declaratory relief. Therefore, the instant action is dismissed. |